JAMES B. MIDKIFF AND C. L. BRANNOCK, TRADING AS MIDKIFF-BRANNOCK HARDWARE COMPANY, v. THE PALMETTO FIRE INSURANCE COMPANY.

(Filed 9 April, 1930.)

1. **Judgments L a—Judgment of nonsuit on merits is not a bar to second action when evidence is not substantially identical.**

Where a cause of action has been heard upon its merits and a judgment as of nonsuit entered therein by the trial court, and the judgment of the lower court has been affirmed on appeal, another action between the same parties on the same cause of action and upon substantially the same evidence is barred by the judgment in the former action which as to the

second action is *res judicata*, but it is otherwise when the evidence in the second action is not substantially identical and entitles the plaintiff to recover if found in his favor.

2. **Insurance K a—Evidence of insurance agent's knowledge of condition constituting waiver of provision of policy held sufficient.**

Where the local agent of a fire insurance company, before issuing the policy on a stock of merchandise, knows that included therein are explosives that under the terms of the policy will render it void unless waived in writing attached to its face, and nevertheless the agent issues the policy upon the payment of the premium, the knowledge of the agent is imputed to the insurer and constitutes a waiver of the provision against explosives, and in this case *held*: evidence of such knowledge by the agent soliciting the policy was sufficient to be submitted to the jury and sustain their verdict in plaintiff's favor, and under the facts and circumstances of this case it was immaterial that the policy issued was signed by the partner of the soliciting agent and written by a stenographer in their office.

APPEAL by defendant from` *Sink, J.*, and a jury, at January Term, 1930, of SURRY. No error.

The issues submitted to the jury and their answers thereto, were as follows:

"1. Did the defendant, Palmetto Fire Insurance Company, execute and deliver to the plaintiffs the policy of insurance sued on, as alleged in the complaint? Answer: Yes.

2. Did the plaintiffs carry dynamite and dynamite caps in their stock at the time of the issuance and delivery of the policy, and fire? Answer: Yes.

3. If so, did the defendant by its knowledge and conduct waive the printed portions of the policy forbidding the keeping of dynamite and dynamite caps in stock? Answer: Yes.

4. What amount, if any, are the plaintiffs entitled to recover of the defendant? Answer: $2,500 with interest from date of payment as set forth in policy."

Judgment was rendered on the verdict for plaintiff. Defendant made numerous exceptions and assignments of error and appealed to the Supreme Court. The other necessary facts will be set forth in the opinion.

*E. C. Bivens for plaintiff.*
*Brooks, Parker, Smith & Wharton for defendant.*

CLARKSON, J. This action was here on appeal by plaintiff from judgment of nonsuit. *Midkiff v. Insurance Co.*, 197 N. C., 144. At page 146 we find the following: "This appeal involves the same question of law as that presented for decision in *Midkiff v. Insurance Co., ante,* 139. In that case there was evidence tending to show a waiver by defendant

of the condition in the policy with respect to explosives. The judgment on the verdict was affirmed. In the instant case, there was no evidence tending to show that either of the defendants had waived this condition, in accordance with the provisions of the policies, or otherwise. Therefore the judgment dismissing each action as of nonsuit must be affirmed."

The opinion of this Court, sustaining the nonsuit, was filed on 24 April, 1929. The present action was commenced on 17 August, 1929, within one year after the nonsuit. The costs in the original action have been paid. C. S., 415.

In *Hampton v. Spinning Co., ante,* at p. 240, it is written: "We therefore hold, upon the particular facts appearing in the judgment in this cause, that a plaintiff may bring an action and have it heard upon its merits, and, if a judgment of nonsuit is then entered, he may bring a new suit within one year, or he may have the cause reviewed by the Supreme Court. If the Supreme Court affirms the judgment of the trial court, he may under C. S., 415, bring a new action within the period therein specified. But, if upon the trial of the new action, upon its merits, in either event, it appears to the trial court, and is found by such court as a fact, that the second suit is based upon substantially identical allegation and substantially identical evidence, and that the merits of the second cause are identically the same, thereupon the trial court should hold that the judgment in the first action was a bar or *res adjudicata,* and thus end that particular litigation." *Chappell v. Ebert, post,* 575.

We do not think the present action is based on "substantially identical evidence." In the former opinion, *Midkiff v. Insurance Co., supra,* at page 145, it is said: "Neither of the defendants had knowledge at the date of the issuance of its policy that plaintiffs at said date had or kept dynamite as a part of their stock of merchandise. . . . Evidence tending to show that hardware merchants of Surry County generally carry dynamite and dynamite caps in stock was properly excluded upon defendant's objections."

In the present action the evidence is to the effect that J. A. Beach was president of the Mount Airy Insurance and Realty Company, and G. E. Sparger, Jr., was secretary and treasurer of the company. The company was an agent and Beach had license to write Fire Insurance for defendant company. The policy was signed by Sparger, but made out by the girl in the office.

James B. Midkiff testified in part: "Q. Will you state to his Honor and the jury what conversation, if any, took place between you and Mr. Beach at the time this policy was solicited? A. Well, when he came in he says, 'Boys, have you got any insurance yet?' I says 'No.' We had promised him some business. In fact, he got us some money to start

MIDKIFF v. INSURANCE COMPANY.

business on, and we promised to take out some insurance with him. I told him no, we hadn't taken any yet. He says, 'Well, you better have some.' He says, 'How much do you want me to write you?' I told him $2,500 on stock, and at that time he was standing about two-thirds of the way back in the store. At the special time we had there three cases of dynamite sitting on the counter, and he says, 'Jim are you going to buy steel magazines to keep this in?' I says, 'No, we are not going to buy one, Mr. Beach. We had one at the other place and didn't keep it in there half the time.' He says, 'Well, I guess that will be all right, anyhow.' . . . At that time the dynamite was sitting on top of the counter in the case where it was shipped. The policy was delivered two or three days after that."

J. A. Beach was not a witness on the former trial. On the trial in the present action, Beach testified, in part: "I was president of the company. I solicited insurance, and solicited loans or any other form of business that the company did, real estate, and so on. I solicited a policy of fire insurance from James B. Midkiff and C. L. Brannock on or about 26 August, 1926. I knew they carried dynamite in stock. They carried it from the very beginning of their business. I saw it on the counter and bought a couple of sticks of it. I saw the dynamite before this policy of $2,500 was delivered to Mr. Midkiff and Mr. Brannock. . . . I discussed the matter with Mr. Midkiff and asked him why I wasn't summoned because I knew of the facts I just stated. He said he never thought about it; said he just overlooked it, and when I called his attention to the discussion about this container, why, he remembered it. I mean a magazine that we used to use; it makes it quite a good deal safer to have dynamite." The latter testimony was admitted to corroborate Midkiff. The witness testified further: "I had a license from all the companies we represented at the time. . . . I think the girl in the office wrote it out, but Mr. Sparger usually signed; sometimes I did. . . . I delivered the policy to Mr. Midkiff and Mr. Brannock; took it down to their store."

The facts in the present action were not based on "substantially identical evidence," but entirely different evidence. We think the evidence sufficient to be submitted to the jury on the question of waiver, in accordance with the law on the subject set forth in the case of *Midkiff & Brannock v. N. C. Home Insurance Co.*, 197 N. C., 139. It is there said, at page 143, by *Mr. Justice Connor* for the Court: "It must be held, therefore, that defendant having issued the policy, with knowledge of the presence of the dynamite and dynamite caps on the premises described in the policy, waived this condition, and is estopped to rely upon the presence of the dynamite and dynamite caps on said premises, at the date of the fire, as releasing the defendant from liability under the policy."

The principle set forth in the above decision is well settled law in this jurisdiction, and the great majority of the courts in the nation. Many of the decisions are cited in the case of *Smith v. Ætna Life Insurance Co., post,* 578, and need not be repeated.

Sparger and Beach were both officers of the Mount Airy Insurance and Realty Company and had license to write insurance for defendant company. The fact that Sparger issued and signed the policy "Mount Airy Ins. & Realty Co., G. W. Sparger, Jr., Agent," and it was made out by the girl in the office of Mount Airy Insurance and Realty Company, is immaterial under the facts and circumstances of this case. Beach, the president of the Mount Airy Insurance and Realty Company, solicited the policy and had license and authority from defendant as agent of Mount Airy Insurance and Realty Company to solicit and did solicit the insurance, and had full knowledge of the presence of the dynamite on the premises before the policy was issued and delivered, and his knowledge is imputed to the defendant company. In law we find

No error.