LOUIS H. PINK, AS SUPERINTENDENT OF INSURANCE OF THE STATE OF NEW YORK, AS LIQUIDATOR OF NATIONAL SURETY COMPANY, v. JOHN R. HANBY.

(Filed 7 January, 1942.)

1. **Receivers § 13: Parties § 1: Constitutional Law § 23—Statutory receiver may maintain action outside the state of his appointment.**

   The statutory receiver of insolvent insurance companies who, upon the insolvency of a company chartered by his state, is ordered by the court of such state, by virtue of his office, to take possession and liquidate the property and business of the company, may maintain a suit in this State upon a chose in action constituting an asset of the company, since, although a receiver deriving his authority solely by the appointment of a court of another state has no extraterritorial powers, the statutory receiver acquires his powers by operation of the laws of such other state, which must be recognized under the full faith and credit clause of the Federal Constitution.

2. **Principal and Surety § 14—**

   Where the application for a surety bond stipulates that in consideration of the execution of the bond by the surety the principal agrees to indemnify the surety for all loss, including counsel fees, which the surety may sustain in consequence of having executed the bond, a complaint alleging that the surety had paid counsel fees in a stipulated sum necessary to the defense of an action upon the bond, states a cause of action in favor of the surety against the principal.

3. **Same—**

   The principal's averment that he had executed deed of trust on real property in satisfaction of the right of the surety to indemnity for loss sustained by reason of the execution of the bond is unavailing when the surety alleges that it released the deed of trust solely to enable the principal to raise money to effect a compromise settlement with the obligee in the bond and that there was no intention to release the principal from his contractual obligation to indemnify the surety for loss sustained by the surety by reason of execution of the bond.

4. **Pleadings § 22—**

   A motion to be allowed to file amended answer is addressed to the discretion of the trial court, and its refusal of the request will not be disturbed in the absence of abuse of discretion.

APPEAL by defendant from *Parker, J.,* at March Term, 1941, of NEW HANOVER. Affirmed.

This is an action brought by the plaintiff to recover of the defendant the sum of $3,750.00, which the plaintiff alleges was paid to Isaac C. Wright, an attorney, under the terms and provisions of a written application alleged to have been signed by the defendant in consideration of the National Surety Company's signing a bond for the defendant Hanby.

The suit was instituted on 1 April, 1937, and complaint in the action filed on the same date. The answer was filed 22 April, 1937.

The judgment of the court below is as follows: "At a term of Superior Court of New Hanover County, held on the 3rd day of March, 1941, at Wilmington—Present: Honorable R. Hunt Parker, Judge Presiding. This cause coming on to be heard, and being heard upon motion of the defendant to be allowed to withdraw the answer heretofore filed in this case and to file a demurrer *ore tenus* upon the grounds that the complaint did not state a cause of action, and the Court having denied the defendant's motion to withdraw the answer and having considered the complaint and the aforesaid demurrer, and having heard argument of counsel, and being of the opinion that the complaint does state a cause of action: It is Therefore, Ordered and Adjudged that the aforesaid demurrer by the defendant be and the same is hereby overruled. And this cause is retained for further orders. R. Hunt Parker, Judge Presiding." To the foregoing judgment, defendant excepted and assigned error: "That the Court erred in signing the judgment of R. Hunt Parker, Judge, appearing in the record." The facts necessary for the determination of this controversy will be set forth in the opinion.

*Stevens & Burgwin for plaintiff.*
*E. K. Bryan for defendant.*

CLARKSON, J. The questions for decision: (1) Is plaintiff legally entitled to maintain the action? (2) Do the allegations of the complaint state a cause of action against the defendant? We think both of these questions must be answered in the affirmative.

The complaint alleges, in part: "That George S. Van Schaick, Superintendent of Insurance of the State of New York, and his successors in office, were authorized and directed by order of the Supreme Court of the State of New York in and for the County of New York, dated June 1, 1934, to take possession of the property and to liquidate the business of National Surety Company pursuant to Article XI of the Insurance Law of the State of New York and were vested with title to all of the property, contracts and rights of action of said National Surety Company, and were directed to deal with the property and business of said National Surety Company in their own names as Superintendent of Insurance of the State of New York. That Louis H. Pink is the present duly qualified Superintendent of Insurance of the State of New York, and the successor to George S. Van Schaick, as Superintendent of Insurance of the State of New York, and as Liquidator of National Surety Company."

The contention made by defendant, that the plaintiff had no standing in the court to sue, cannot be sustained.

The matter was decided in a Texas case, fully sustained by authorities from the U. S. Court—*State v. Texas et al. v. Louis H. Pink, Statutory Liquidator of National Surety Co.,* 124 S. W. (2d), 981, the Supreme Court of Texas overruled a contention that the very Liquidator involved in the case at bar was without authority or capacity to prosecute an appeal, saying at p. 987: "We are aware of the general rule that an administrator appointed in one state cannot sue in another, and an ordinary equity receiver appointed by a state court has no extraterritorial powers (36 Tex. Jur. P., 291, sec. 149; *Relf v. Rundle,* 103 U. S., 222, 26 L. Ed., 337), but such rule cannot be applied here so as to deny the New York receiver or liquidator the right to appeal this case for the reason that, as already stated, the New York receiver or liquidator, who was a New York public official, did not derive his powers, authority and title from the decrees of the appointive court, but from the laws of the state which created or chartered this corporation.  This Surety Company was created by the laws of New York, and therefore all pertinent laws of the State become a part of its charter.  When it came into this State, it brought its charter with it.  Necessarily a corporation must act through, agents, and since the State of New York created this corporation, it had the lawful right to say, by statute, who such agents should be.  In this regard, that State had the right to say who such agents should be, both while this corporation was a solvent and going concern, and after it had been declared insolvent and was in process of liquidation.  Likewise, the creative State had the right to define who should become the legal owner of this corporation's property when it became insolvent and passed into the hands of the New York Insurance Commissioner for liquidation of the winding up of its affairs.  For us to refuse to recognize the New York Insurance Commissioner as a party to this suit under the facts of this record would be to deny full faith and credit to the statutes and judicial decrees of the State of New York. Finally and simply stated, we think that under the facts of this record, the New York Insurance Commissioner was, in fact, this corporation itself for all purposes of winding up its affairs.  He was, and is, the legal owner of all of its properties.  It must, therefore, follow that he was a party to this suit in the District Court, and had the right to appeal this case.  *Relf v. Rundle,* 103 U. S., 222, 26 L. Ed., 337; *Bernheimer v. Converse,* 206 U. S., 516, 51 L. Ed., 1163; *Converse v. Hamilton,* 224 U. S., 243, 56 L. Ed., 749; *Clark v. Willard,* 292 U. S., 112, 78 L. Ed., 1167."

In *Converse v. Hamilton,* 224 U. S., 243, 56 L. Ed., 749, the Wisconsin Court held that a Minnesota statutory successor could not sue in Wisconsin.  The United States Supreme Court reversed that decision on the ground that Wisconsin had denied full faith and credit to the Minnesota statutes and proceedings, and, in so doing, the Supreme Court

used the following language, at pp. 256-7: "It is true that an ordinary chancery receiver is a mere arm of the court appointing him, is invested with no estate in the property committed to his charge, and is clothed with no power to exercise his official duties in other jurisdictions. *Booth v. Clark,* 17 How., 322, 15 L. Ed., 164; *Hale v. Allison,* 188 U. S., 56, 47 L. Ed., 380, 23 Sup. Ct. Rep., 244; *Great Western Min. & Mfg. Co. v. Harris,* 198 U. S., 561, 49 L. Ed., 1163, 25 Sup. Ct. Rep., 770. But here the receiver was not merely an ordinary chancery receiver, but much more. By the proceedings in the sequestration suit, had conformably to the laws of Minnesota he became *quasi* assignee and representative of the creditors, was invested with their rights of action against the stockholders, and was charged with the enforcement of those rights in the court of that state and elsewhere. So, when he invoked the aid of the Wisconsin court, the case presented was, in substance, that of a trustee, clothed with adequate title for the occasion, seeking to enforce, for the benefit of his *cestuis que trustent,* a right of action, transitory in character, against one who was liable contractually and severally, if at all."

We think the case of *Van Kempen v. Latham,* 195 N. C., 389, and 201 N. C., 505, does not militate against the view we take in this action.

The allegations of the complaint state a cause of action. We only set forth extracts: "That on or about the 18th day of December, 1924, the defendant made written application to the National Surety Company for the execution of a bond in the penal sum of $45,000.00, running to the Internal Revenue Department, which proposed bond is known and designated as Tax Abatement Bond, which said written application provided, in part: 'That in consideration of the execution of said bond of the company, we hereby jointly and severally covenant with the company, its successors and assigns. . . . that the undersigned will at all times indemnify and keep indemnified the company and hold and save it harmless from and against any and all damages, loss, costs, charges, and expenses of whatsoever kind or nature, including counsel and attorneys' fees which the company shall or may at any time sustain or incur by reason or in consequence of having executed the bond herein applied for. . . . That said counsel fees of $3,750.00 paid to the said Isaac C. Wright, attorney, were necessarily incurred by the National Surety Company, in liquidation, in order to protect said estate and the said sum represented a fair, just and reasonable compensation for the services rendered by the said Isaac C. Wright, attorney, as aforesaid, and that the said payment represents an expense incurred by the said company by reason of the execution of the bond hereinabove referred to, and that plaintiff is advised, believes, and so alleges that by virtue of the terms and provisions of said bond and of the application of the defendant, upon which said bond was issued, the defendant is liable to the plaintiff

for said sum of $3,750.00 in order that plaintiff may be reimbursed in full for said item of expense incurred by it, as aforesaid. That while demand has been made by the plaintiff upon the defendant, the defendant has failed and refused to pay the same or any part thereof and the whole of said sum, with interest from the 26th day of May, 1936, is now due and owing by the defendant to the plaintiff." The bond signed by defendant included "Counsel and attorney's fees."

The defendant in his brief takes the position: "That the satisfaction of the deed of trust alleged in the complaint was a satisfaction of the liability sued for and that, therefore, the plaintiff cannot maintain the present action." Upon this point we set forth the allegations of Articles 7 and 9 of the complaint:

"Article 7, alleges that at the time of the execution of the bond the defendant and his wife executed to E. K. Bryan, Trustee, a deed of trust on certain real estate situated in New Hanover County in order to secure the National Surety Company from liability on account of the execution of said bond."

"Article 9, of the complaint alleges that when a settlement was reached between the defendant and the United States Government, brought about, by the service rendered by Isaac C. Wright, that it became necessary that the National Surety Company release the real estate conveyed in said deed of trust in order that the defendant, Hanby, might raise the money necessary to settle his liability to the Government as agreed upon, said settlement being for an amount substantially less than the claim originally filed by the Government and for which the bond was liable, and that in order to effect said settlement the National Surety Company did release said real estate from the operation of said deed of trust." May we say it is apparent this was done for the purpose of effecting a settlement inuring to the benefit of both the National Surety Company and the defendant, Hanby, and its effect, from the allegations, was not to release the defendant, Hanby, from his contractual obligation contained in his application for the bond, under the terms of which he undertook to hold the National Surety Company harmless from any and all liability thereunder.

The allegations show that the arrangement was for the benefit of defendant and there was no intention to release him from his contractual obligation. See *Grace v. Strickland*, 188 N. C., 369.

The contention of defendant that there was error in the court below in the refusal to allow him to file an amended answer to the complaint, cannot be sustained. This is largely in the discretion of the court below and on the record there appears no abuse of discretion.

For the reasons given, the judgment of the court below is

Affirmed.