## McGuire v. Barnhill.

Opinion delivered February 1, 1909.

Insolvent debtor—Seizure of property under execution—Intervention.— Kirby's Digest, § 4055, providing that the receiver of an insolvent debtor "shall intervene in every case in which the property of such insolvent debtor has, within ten days before the filing of such peti-

tion, been attached, and, upon such receiver's motion, every such attachment shall be dissolved, and the attached property shall be turned over to such receiver upon the payment by the receiver of all costs which shall have accrued in the attachment suit," does not apply to seizures of property under executions nor require the receiver to intervene therein.

Appeal from Clay Chancery Court; *Edward D. Robertson,* Chancellor; reversed.

*D. Hopson,* for appellant.

Plaintiff's execution lien was not supplanted by the insolvency proceedings under ch. 84, Kirby's Digest. There was no intervention by the receiver. *Ib.* § 4055; 11 Am. & Eng. Enc. L. (2 Ed.) 669; 16 *Id.* 705; 38 Atl. 502.

*G. B. Oliver,* for appellee.

Battle, J. J. M. McGuire & Company state the facts in their case as follows:

"In October, 1906, J. M. McGuire & Company obtained judgment in the justice of the peace court of Killgore Township against George Barnhill, upon which judgment execution was issued October 30th and delivered to the constable of said township and by him on November 3, 1906, levied on a certain stock of goods in said township belonging to the said Barnhill. Upon application of the said Barnhill, he was declared insolvent by the Clay Chancery Court for the Western District, on November 24, 1906, and Chas. W. Jones was appointed receiver by said court; and upon petition of the said receiver the judge of said court on November 27, 1906, issued a temporary order restraining the said constable and others from selling said property under said execution. The goods levied on were delivered by the constable to the said receiver under an express agreement that no rights of J. M. McGuire & Company were waived, and that the said Jones might dispose of said goods under the direction of said court, and that the said McGuire & Company would intervene and have their rights adjudicated.

"McGuire & Company intervened in the insolvency action by filing their petition in said court, alleging the above facts, and that the said receiver had sold said goods and had the pro-

ceeds thereof in his possession, and made transcripts of said judgment and execution exhibits to their petition, and further alleged that at the time of the appointment of the receiver they had a subsisting lien on said stock of goods which was ample to pay its debt, and asked that the receiver be authorized and directed to pay its debt in full out of the proceeds of the sale of said goods. Said cause was tried by the court upon the petitions and exhibits thereto and the following agreed statement of facts:

"That on October 8, 1906, J. M. McGuire & Company filed suit against George Barnhill before Jacob Probst, a justice of the peace in and for Killgore Township, Clay County, Arkansas, for the sum of $300, and that on October 18, 1906, a valid judgment was rendered by said justice of the peace in favor of said McGuire & Company against the said George Barnhill, for the sum of $300 with six per cent. interest thereon from the rendition of the judgment and costs amounting to $1.05; that on the 30th day of October, 1906, an execution in regular form was issued by said justice of the peace on said judgment for the amount of said judgment and costs; that said execution was delivered to Sam W. Arnold, constable of said township, at 9 o'clock, A. M. on the 3d day of November, 1906, and was by him levied on a stock of merchandise in the town of Corning, in said township, on November 7, 1906, that said constable advertised said stock of goods for sale under this execution and other executions held by him, but that on November 22, 1906, the said George Barnhill filed his petition in the Clay Chancery Court for the Western District, alleging that he was insolvent and asking that a receiver be appointed to take charge of his assets, etc., and that on November 24th the said Barnhill was declared insolvent by the judge of said court, and Chas. W. Jones was by the court appointed receiver for the said Barnhill, and duly qualified as such receiver on November 26, 1906, and immediately demanded possession of said goods from the said constable; that the constable refused to surrender possession thereof to the said Jones, and that upon the petition of the said receiver, filed November 27, 1906, the said Sam. W. Arnold as constable of said township, his agents, attorneys and employees, were restrained by said court from selling any of the

property of the said George Barnhill under any executions he then had in his hands or might thereafter receive until the further order of the court, and that no further order in that behalf was made; that on November 27, 1906, the said execution was renewed for a period of twelve months by said justice of the peace, Jacob Probst; that said goods were delivered by the constable to the said receiver by consent of McGuire & Company upon the express understanding and agreement that they did not waive their lien thereon or any rights to said goods or the proceeds thereof, and with the further understanding that, to avoid deterioration, damage or destruction by fire, the receiver might sell and dispose of the goods under direction of the court, and that the said McGuire & Company would file their petition in said court and have their rights adjudicated.

"That this and other executions, aggregating the sum of $578.41, were levied at the same time on said stock of goods; that the entire stock of goods was of the value of $2428.26, and that $1289.65 worth of said goods was afterwards taken from the receiver by creditors who had retained title in the goods sold by them to the said Barnhill and by creditors who claimed that the said Barnhill had obtained their goods by false representation; that the said J. M. McGuire & Company filed a transcript of their judgment with the said receiver for allowance, and that their claim for the amount of their said judgment and cost with other claims was represented by the said receiver to the said court as valid claims against said estate, and that the same was allowed by said court.

"And that said receiver did not intervene in said justice of the peace court and move to have said execution quashed, or otherwise in any manner endeavor to have such execution quashed or such property relieved from the lien of such execution, except as above stated, and that the stock of goods on which said execution was levied was in Killgore Township, and in the possession of the said Barnhill, at the time said writ came to the hands of the constable, and remained in said township until the same was disposed of by the receiver; that there are many unsecured creditors, and that the said stock of goods composed the greater part of the assets of the estate."

"The court holds that plaintiffs had no lien which would entitle them to any preference or priority, and dismissed their petition for want of equity, and plaintiffs appealed."

The petition of Barnhill to the Clay Chancery Court, alleging that he was insolvent and asking that a receiver be appointed to take charge of his property, and proceedings following, did not supplant or set aside the lien acquired by J. M. McGuire & Company by the levy of a writ of execution upon the goods and chattels of Barnhill. It is only in cases where the property of the insolvent debtor has been attached that a receiver is authorized by the insolvency laws of this State to intervene and move the dissolution of the attachment.

Section 4055 of Kirby's Digest provides: "That the receiver shall intervene in every case in which the property of such insolvent debtor has, within ten days before the filing of such petition, been attached, and, upon such receiver's motion, every such attachment shall be dissolved and the attached property shall be turned over to such receiver upon the payment by the receiver of all costs which shall have accrued in the attachment suit." The language of the statute is not sufficiently broad to include seizures of property to satisfy executions. Attachments may be a species of executions, but "executions" is a broader term, and the less does not include the greater.

As to insolvency acts of States, see *Hickman* v. *Parlin-Orendorff Co.*, 88 Ark. 519.

The decree of the chancery court is reversed, and the cause is remanded with directions to the court to appropriate the proceeds of the sale of the property seized to satisfy execution sued out by McGuire & Company to the payment of their claim.