FRANKLIN *v.* MANN.

4—2666

Opinion delivered June 6, 1932.

*John Baxter*, for appellant.

*Hal L. Norwood*, Attorney General, *J. W. House* and *M. J. Harrison*, for appellee.

MEHAFFY, J. The Inter-Southern Life Insurance Company is a foreign corporation organized under the laws of the State of Kentucky and was authorized to do business in the State of Arkansas, and did business in this State prior to the receivership. It operated in the State of Arkansas under the laws and supervision of the Insurance Commissioner.

A receiver was appointed by the court of Kentucky. On April 18, 1932, the deputy and acting Insurance Commissioner of the State of Kentucky telephoned A. D. DuLaney, Insurance Commissioner of Arkansas, requesting that an ancillary receiver be appointed in Arkansas. On the same day, April 18, the Insurance Commissioner of this State certified the Inter-Southern Life Insurance Company to the Attorney General as an insolvent company operating in Arkansas.

Thereafter, on April 19, 1932, the Attorney General of this State presented a petition on behalf of the Insurance Commissioner to Judge Richard M. Mann, circuit judge of the Pulaski Circuit Court, asking for the appointment of an ancillary receiver. M. J. Harrison was

appointed ancillary receiver, and filed his bond, which was approved.

On April 20, 1932, the acting Insurance Commissioner of the State of Kentucky wrote to A. D. DuLaney a letter confirming the telephone conversation, and stating that the reason for asking that an ancillary receiver be appointed in Arkansas was for the sole purpose of having the co-operation and assistance of the Commissioner in Arkansas in working out the conditions of the Inter-Southern Life Insurance Company to the best advantage of the policyholders.

Thereafter, on April 22, 1932, P. O. Bynum filed a petition in the Chicot County Chancery Court asking for the appointment of a receiver by that court. He alleged that he was a creditor of the insurance company. The Chicot County Chancery Court granted the petition and appointed Mr. G. A. Franklin receiver. G. A. Franklin then came to Little Rock and filed a motion in the Pulaski Circuit Court to quash the order of the Pulaski Circuit Court appointing Harrison receiver. This motion was denied. No appeal was taken from the order denying the motion.

The petitioner here, G. A. Franklin, asks for a writ of prohibition directing and commanding the said R. M. Mann, as judge of the circuit court of Pulaski County, to make no further orders in this matter, and that, upon a final hearing, an order be made by this court quashing the receivership proceedings and the order of the Pulaski Circuit Court appointing a receiver.

The petitioner, in his brief, states: ''The only question to be determined is one of jurisdiction. The petitioner readily admits that, if the Pulaski Circuit Court had jurisdiction to appoint a receiver, then this writ of prohibition should be denied.''

The only question therefore for our consideration is whether the Pulaski Circuit Court has jurisdiction.

As early as 1873 the Legislature of this State recognized the importance and necessity of a general law regulating and supervising insurance companies doing busi-

ness in this State, and it passed an act in 1873 to establish an insurance bureau. This act was amended from time to time, and in 1917 there was an act passed creating the office of Insurance Commissioner and State Fire Marshal. These acts prescribed the duties of the insurance Commissioner, and, among other duties imposed on the Commissioner by law was that of enforcing all laws of this State in relation to insurance companies, and to see that all laws of this State respecting insurance companies are faithfully executed.

The eighth paragraph of § 5951 of Crawford & Moses' Digest, is as follows: "Whenever the Insurance Commissioner shall have reason to believe that any insurance company of this State is insolvent or fraudulently conducted, or that its assets are not sufficient for carrying on the business of the same, or during any noncompliance with the provisions of this chapter, he shall communicate the fact to the Attorney General, whose duty it shall then become to apply to the Supreme Court or the circuit court, or, in vacation, to any of the judges thereof, for an order requiring said company to show cause why their business should not be closed; and the court or judge, as the case may be, shall thereupon hear the allegations and proofs of the respective parties, or appoint some suitable person as examiner to perform such duty and report upon the facts to said court or judge. If it appear to the satisfaction of said court or judge that such company is insolvent, or that the interests of the company so require, the said court or judge shall decree a dissolution of such corporation, and a distribution of its effects; but, in case it shall appear to said court or judge that said corporation is able to comply with the provisions of this act, and that it is not insolvent, a decree shall be entered annulling the act of the Insurance Commissioner in the premises and authorizing such company to resume business."

It is contended by the petitioner, however, that this paragraph refers to insurance companies of this State only, and does not apply to foreign corporations. How-

ever, § 11 of art. 12 of the Constitution of this State provides, among other things, in speaking of foreign corporations: "And, as to contracts made or business done in this State, they shall be subject to the same regulations, limitations and liabilities as like corporations of this State, and shall exercise no other or greater powers, privileges or franchises than may be exercised by like corporations of this State." This provision of the Constitution was also enacted by the Legislature as a statute, and is § 1825 of Crawford & Moses' Digest.

It was manifestly the intention of the Legislature, in creating the office of Commissioner of Insurance and prescribing his duties, to protect all the policyholders and persons interested in an insurance company, and for this reason provided a State officer whose duty it is to supervise all insurance companies in this State, and to see that all laws are faithfully executed, to the end that every one interested in an insurance company may have protection.

It was evidently thought that this would be a greater protection to the policyholders and interested persons than to permit any creditor or policyholder to bring suit anywhere in the State for the purpose of taking charge and management of an insolvent insurance company.

The application for a receiver in the Pulaski Circuit Court on behalf of the Commissioner was made at the instance and request of the Insurance Commissioner of the State of Kentucky.

In the case of *Grand Lodge, A. O. U. W.*, v. *Adair*, 182 Ark. 684, 32 S. W. (2d) 430, all the questions involved in this case are settled. The authorities are reviewed, and it would serve no useful purpose to review or discuss them again. In the case referred to it is said: "A special department and a State official are clothed with special duties and powers to invoke the aid of courts of general jurisdiction in the discharge of these duties." It is also said in the same case: "It is a well-established rule that has been often adhered to by this court that, where a court exercising general jurisdiction under the Constitution has been given special statutory jurisdiction in cer-

tain matters, and the manner in which jurisdiction is to be exercised is pointed out by the statute, the record of such court must show the jurisdictional facts."

This is a special proceeding provided for by statute, for the purpose, among other things, as we have said, of protecting the interests of policyholders and the property of the company.

The petitioner contends that the case of *Grand Lodge, A. O. U. W.,* v. *Adair, supra,* has no application, his contention being that the statute applies to fraternal benefit societies. We think the statute is broad enough to cover all insurance companies, and that it was the intention of the Legislature, in forming this general plan to protect policyholders in all insurance companies, and there is nothing in the Constitution prohibiting the Legislature from authorizing the circuit court to act on the petition of the Insurance Commissioner.

The writ of prohibition is denied.