WALKER v. McMILLEN.

4-3109

Opinion delivered June 12, 1933.

*House & Moses* and *W. H. Holmes,* for appellant.

*Geo. A. McConnell* and *Shields M. Goodwin,* for appellee.

KIRBY, J. The question involved in this appeal is whether the circuit court at the suit of the Attorney General under the direction of the Commissioner of Insurance has the exclusive right or jurisdiction to appoint a receiver for an insolvent insurance company.

Appellant was appointed receiver for the Southern Surety Company of New York by the Pulaski Circuit Court on the 7th day of June, 1932, on the application of the Attorney General under the direction of the Commissioner of Insurance of the State, the corporation being insolvent.

Appellee had previously been appointed receiver for the company by the chancery court of Pulaski County on March 25, 1932, on the petition of a general creditor of the Southern Surety Company. The company was insolvent, and the question to be determined is which of the two receivers should be recognized for liquidating its assets.

Appellant, after being appointed receiver and proceeding with the duties, was enjoined by the Pulaski Chancery court from continuing to act as such, and he then filed a petition asking that the chancery court dis-

solve the injunction, to which appellee filed a reply and appellant demurred thereto. The chancery court overruled the demurrer, and this appeal was taken from such order.

In *Franklin* v. *Mann,* 185 Ark. 993, 50 S. W. (2d) 606, this court held that a proceeding to dissolve an insolvent insurance company should be brought in the circuit court by the Attorney General under direction of the Insurance Commissioner under the statute providing therefor, § 5951, subdivision 8, Crawford & Moses' Digest, holding such proceeding an exclusive remedy, and that no creditor or policyholder was authorized to bring suit anywhere in the State for the purpose of taking charge of an insolvent insurance company. It was further said there:

"It was manifestly the intention of the Legislature, in creating the office of Commissioner of Insurance and prescribing his duties, to protect all the policyholders and persons interested in an insurance company, and for this reason provided a State officer whose duty it is to supervise all insurance companies in this State, and to see that all laws are faithfully executed, to the end that every one interested in an insurance company may have protection.

"It was evidently thought that this would be a greater protection to the policyholders and interested persons than to permit any creditor or policyholder to bring suit anywhere in the State for the purpose of taking charge and management of an insolvent insurance company. * * *

"This is a special proceeding provided for by statute for the purpose, among other things, as we have said, of protecting the interests of policyholders and the property of the company."

It is insisted for appellee that under the statute, which was adopted from the State of New York, that it should not exclude the rights of a creditor to have a receiver appointed by the chancery court, which, having acquired jurisdiction by such proceedings, would have the right to continue to administer the affairs of the corporation for the purposes for which the suit was brought.

His chief insistence, however, is that the statute has no relation to anything but life and fire insurance companies, and does not affect the jurisdiction of the chancery court to appoint a receiver for winding up the affairs of an insolvent casualty and surety company organized under the laws of the State of New York, and duly authorized to do business in the State of Arkansas.

In adopting this statute, it was made general, its provisions applying to "any insurance company of this State, etc.," and has been construed to include all insurance companies authorized to do business in the State. *Franklin* v. *Mann, supra.*

Appellee insists, however, that the Southern Surety Company of New York was not an insurance company within the meaning of this statute, but sets up in his written petition for appointment as receiver upon which the chancery court acted that the Southern Surety Company of New York is a casualty and surety company organized and doing business under the laws of the State of New York and duly authorized to do business under the laws of the State of Arkansas, etc., and that it had filed a bond with the Insurance Commissioner and otherwise complied with the laws of this State with reference to casualty and surety companies. It was doing both a casualty insurance business and a surety bond business, and comes within the regulatory power of the State under the terms of the statute providing that "when any insurance company of the State is insolvent, etc."

It is argued that the statute applies only to life and health insurance companies, since such was the case in the State of New York, from which it was adopted and where it had received such construction in the courts of that State, but such construction had not been given to said act before its adoption here, and our statute is broader and more comprehensive than that of New York relating to any insurance company, as already said; and the fact that it was copied exactly from the New York statute, so far as providing for determination of the question of insolvency of the insurance company by the Supreme Court, or a judge of the Supreme Court, was

evidently inserted inadvertently and has no effect to confer jurisdiction on our Supreme Court for that purpose. Where a court exercising a general jurisdiction under the Constitution has been given special statutory jurisdiction in certain matters and the manner in which such jurisdiction is to be exercised is pointed out in the statute, the record of such court must show the jurisdictional facts, the statute in such cases must be strictly pursued, and the jurisdiction must be made to appear in the manner pointed out in the statute. *Wallace* v. *Hill,* 135 Ark. 353, 205 S. W. 699; Freeman on Judgments, § 119.

The chancellor erred in holding that the Pulaski Chancery Court had jurisdiction to appoint a receiver herein, and the cause will be reversed and remanded with directions to sustain the demurrer to the response of appellee, dissolve the injunction against appellant receiver and leave him to proceed with the winding up of the affairs of the insolvent insurance company without any interference from the receiver wrongfully appointed by the chancery court who should be directed to make immediate final settlement of the receivership and turn the assets over to the appellant receiver. It is so ordered.

JOHNSON, C. J., (dissenting). The majority opinion gives to the circuit court of Pulaski County exclusive jurisdiction to determine and wind up the affairs of insolvent life, fire, casualty and all other insurance companies doing business in this State. This is done without any authority of law cited in the opinion or that I have been able to find on my own investigation. The only semblance of authority cited is subdivision 8 of § 5951 of Crawford & Moses' Digest, which reads as follows:

"Whenever the Insurance Commissioner shall have reason to believe that any insurance company of this State is insolvent or fraudulently conducted, or that its assets are not sufficient for carrying on the business of the same, or during any noncompliance with the provisions of this chapter, he shall communicate the fact to the Attorney General, whose duty it shall then become to apply to the Supreme Court or the circuit court, or,

in vacation, to any of the judges thereof, for an order requiring said company to show cause why their business should not be closed; and the court or judge, as the case may be, shall thereupon hear the allegations and proofs of the respective parties, or appoint some suitable person as examiner to perform such duty and report upon the facts to said court or judge. If it appear to the satisfaction of said court or judge that such company is insolvent, or that the interests of the company .so require, the said court or judge shall decree a dissolution of such corporation, and a distribution of its effects; but, in case it shall appear to said court or judge that said corporation is able to comply with the provisions of this act, and that it is not insolvent, a decree shall be entered annulling the act of the Insurance Commissioner in the premises and authorizing such company to resume business.''

The majority opinion upholds the authority of the Pulaski Circuit Court to displace a receivership theretofore determined in the Pulaski County Chancery Court after insolvency adjudged. It will be noted that the subdivision of the statute heretofore quoted does not authorize the appointment of any receiver by the circuit court. The fact is, this subdivision of the statute only authorizes the circuit courts of Pulaski County or any judge thereof in vacation or any member of the Supreme Court in vacation, to make an investigation and determine whether or not the insurance company is in fact insolvent. When this adjudication is made, the jurisdiction of that tribunal ends, so far as the statute is concerned. Not only is the majority opinion in this case without statutory law to support it, but it is in direct violation of the ancient jurisdiction of courts of equity.

Just how the circuit court of Pulaski County, or any member of this court under like circumstances, would wind up and finally settle the affairs of an insolvent insurance company is not pointed out in this majority opinion. I do assert without fear of contradiction that whatever orders and judgments may be entered by the Pulaski Circuit Courts or the judges in vacation, referred to in the statute, will be without authority of law

and in strict violation of the jurisdiction of chancery courts.

The majority opinion cites *Franklin* v. *Mann*, 185 Ark. 993, 50 S. W. (2d) 606, in support of its present position. This case is like the one here decided. It has no authority to support it. The section of the statute cited to support the present opinion was cited in the Franklin case and no other authority was cited. It is not necessary to undertake to argue the merits or demerits of the case of *Franklin* v. *Mann*, because it has no statutory or common-law authority to support it and should be overruled. The proposition of the circuit courts of this State, or the judges of the Supreme Court, appointing receivers had never been heard of until the announcement in *Franklin* v. *Mann*, and just how the court reached the conclusion that any such authority was granted under subdivision 8 of § 5951 is beyond my power of comprehension.

Just how this circuit court receiver is expected to perform his duties is not divulged in the opinion. Receivers appointed by courts of equity in this State are subject to the rules, orders and directions of the courts of chancery.

Section 8600 of Crawford & Moses' Digest, provides in part: "Whenever it shall not be forbidden by law and shall be deemed fair and proper in any case in equity, the court, judge or chancellor shall appoint some prudent and discreet person as receiver, etc." This section of the statute grants an exclusive remedy in the appointment of receivers and the manner in which they may and shall operate.

Section 8601 of Crawford & Moses' Digest, provides in effect: "When it appears to the court, judge or chancellor, that such appointment should be made additional bonds may be required in behalf of the receiver."

Section 8603 of Crawford & Moses' Digest provides in effect that, after this statutory receiver shall have taken the oath of office and filed a bond, "he shall possess all the powers which a receiver in a court of chancery can possess, unless otherwise provided in this act."

Section 8604 of Crawford & Moses' Digest provides that he may institute and maintain suits subject to the orders of the court, judge or chancellor, etc.

Section 8606 of Crawford & Moses' Digest provides, in effect, subject to the further order or decree of the court, judge or chancellor, such receiver shall have full possession, custody and control of all property in his hands.

Section 8609 of Crawford & Moses' Digest provides in effect, that receivers may be removed any time by the court, judge or chancellor.

Section 8610 of Crawford & Moses' Digest provides, in effect, that receivers shall make reports of their proceedings every six months or oftener, if required by the court, judge or chancellor.

It will thus be seen that all the statutory law in this State in reference to receiverships vests the jurisdiction thereof exclusively in the courts of equity or the chancellor thereof in vacation. These positive statutory laws are nullified and destroyed by the receivership herein created. There is no rule of conscience, law or equity that will circumscribe the performance of his duties after he once gets possession of the property.

A serious mistake has now been made in judicial procedure in this State. This court has now read into a statute, wherein no such language is employed, that the circuit courts in this State may appoint receivers, but it has prescribed no rules for such receiver to be guided by after he shall have taken the oath of office. No limitation is prescribed on his authority. I take it, he can sell the property, with or without notice, which may come into his hands. He may account for the proceeds or he may not at his election. Certainly, he is not required to report to any court in reference to his actions. This circuit court receiver is not an officer of any court and is not required to pay allegiance to any forum.

It must be admitted by all that this circuit court receiver is a hybrid, so far as law and the rules of equity are concerned.

Since when, and until now, was it ever dreamed by the most idealistic judicial tribunal that the great Story would be desecrated on the altar of judicial legislation?

"The appointment of a receiver is a part of the jurisdiction of equity, etc." So says § 3, article "Receivers," 23 R. C. L., page 9, and up to the opinion of this court in *Franklin* v. *Mann* it was thought by the profession to state a universal rule of law in reference thereto—but, alas, there seems to be no end to this unwarranted desecration.

This court, in the early case of *Hempstead* v. *Watkins*, 6 Ark. 317, held that the Legislature of this State was without authority to limit or abridge the powers or authority of courts of chancery. This rule has been adhered to by this court without exception until the pronouncement in *Franklin* v. *Mann*.

It must be seen, therefore, that under our statutory laws, when construed according to their plain language, the circuit courts of this State have no semblance of authority to appoint receivers and wind up insolvent corporations. On the other hand, had the Legislature passed a statute, as held by this court in *Franklin* v. *Mann*, such statute would be absolutely null and void as limiting and abridging the ancient jurisdiction of chancery courts. Taking either horn of the dilemma, the majority opinion in this case is without authority to support it.

The statute cited as authority gives the same jurisdiction to a judge of the Supreme Court that it gives to the circuit courts. Can it be imagined a judge of this court having half a dozen receivers operating under his direction and control throughout the State? Would any lawyer in the State believe his eyes and ears were he to see a receiver operating under the direct jurisdiction of the Supreme Court?

A construction of this kind would absolutely nullify and abrogate the plain mandate of the Constitution, wherein it vests the Supreme Court of this State with appellate jurisdiction only. The fallacy of the argument and logic sufficiently appears without further elaboration.

I therefore respectfully dissent.