BULLION, RECEIVER *v.* POPE, RECEIVER.

4-4423

Opinion delivered June 29, 1936.

*Miles & Amsler*, for appellant.
*Trieber & Pope* and *Barber & Henry*, for appellee.

BAKER, J. The proposition upon this appeal is to test again an appointment of a receiver for an insolvent insurance company, which appointment was made by the chancery court of Pulaski county.

On the 29th day of May, 1936, R. K. Haxton, as a stockholder of the National Standard Life Insurance Company, filed a petition in the Pulaski Chancery Court, asking for the appointment of a receiver. The complaint alleged among other things the insolvency of the corporation, and that a receiver was necessary to preserve assets and to carry on the business of the company until it could refinance itself.

The company filed an answer to this complaint and admitted the allegations thereof. Bruce Bullion was appointed receiver by order of the chancery court.

On June 3, 1936, Walter L. Pope was appointed receiver by order of the circuit court of Pulaski county, upon a petition filed by the Attorney General, after the Insurance Commissioner had certified to him the fact of insolvency of the insurance company, the cause being styled "State of Arkansas ex rel. Carl Bailey v. National Standard Life Insurance Company." Pope made and filed his oath and bond as such receiver, and then filed in the chancery court a motion to discharge Bullion as receiver, and to dismiss the action pending in the chancery court. To this motion a demurrer was interposed, and upon a hearing the chancery court vacated its order of May 29, appointing Bruce Bullion receiver. It is from this order that this appeal comes.

The appellant concedes the effect of the cases of Franklin v. Mann, 185 Ark. 993, 50 S. W. (2d) 606, and Walker v. McMillen, 187 Ark. 586, 61 S. W. (2d) 455, and that they are decisive of the question presented here, unless we are willing to overrule both of these decisions.

The case of Franklin v. Mann was tried in June of 1932 and it was there held: "This is a special proceeding provided for by statute, for the purpose, among other things, as we have said, of protecting the interests of policyholders, and the property of the company." This special proceeding is authorized by the 8th paragraph of § 5951 of Crawford & Moses' Digest.

Without quoting or paraphrasing from the case of Franklin v. Mann, supra, it may be said that the holding is to the effect that a special proceeding has been provided for, in the matter of insolvent insurance organizations. The purpose of this special proceeding is for the protection of the assets of such organizations for the benefit of creditors, stockholders and others interested, and that the proceeding so provided for is not only an exclusive method or process of determining the matter of solvency or insolvency of an insurance organization, and upon insolvency having been found, provision is made for the appointment of a receiver by the circuit court to

administer the estate of such insolvent organization. This same statute was considered in the case of *Grand Lodge A. O. U. W.* v. *Adair,* 182 Ark. 684, 32 S. W. (2d) 430.

We again pretermit a discussion of the authorities as they are reviewed in the last-cited case. Such discussion would be a repetition.

The opinion in the case of *Walker* v. *McMillen, supra,* decided in 1933, followed by the dissenting opinion, shows that there was a complete and thorough discussion, re-examination and reconsideration of all the matters that are here argued upon the appeal in the instant case. It will be of no benefit to attempt a new discussion or thrash over the old straw. Perhaps, more chaff than grain would be found.

Let it suffice to say the court has not changed or modified conclusions heretofore announced. The writer is not in full accord with the present or former views as declared by these recent decisions. However, a special proceeding is in operation whereby substantial justice will be done.

The decree of the chancery court is affirmed.

JOHNSON, C. J., and HUMPHREYS, J., dissent.