Hunt *v.* Columbian Insurance Company.

*N. Webb*, for the complainant.

*J. D. & F. Fessenden*, for the respondents.

————◆————

GEORGE S. HUNT *versus* COLUMBIAN INS. Co. *& Trustees.*
CHARLES H. CHASE *versus*          SAME          *& Trustees.*

The judgment of another State, decreeing a dissolution, and appointing receivers to wind up the concerns, of a corporation created by its laws, will not prevent an action commenced against such corporation here, prior to such dissolution, from proceeding to judgment, unless it be shown that the corporation is utterly extinct.

It is not sufficient to show that, by the law and usage in the Court of the State where such decree of dissolution is passed, such corporation is permanently dissolved, although it still has a qualified existence, capable of being a party to a judgment there.

The legal authority of receivers, duly appointed in another State, is co-extensive with the jurisdiction of the Court by which they were appointed.

Comity does not require the S. J. Court of this State to permit receivers appointed by the Court of another State to exercise privileges detrimental to our own citizens, while pursuing appropriate legal remedies here.

ON REPORT.

ASSUMPSIT on an account annexed and on a count for money had and received. The writ was served upon the trustees in the first named action, January 13, 1866.

The remaining facts are sufficiently stated in the opinion.

In the second case, the trustees did not disclose that they had been notified of any claim for an assignment of the funds in their hands.

*W. L. Putnam*, for the plaintiffs.

*Davis & Drummond*, for the receivers and principal defendant.

I. In proceedings *in rem*, where the Court has jurisdiction of the parties and the.subject matter of the suit, whether its decisions are correct or not, its judgment, until reversed, is binding in every other Court. *Elliot* v. *Piersol*, 1 Peters, 328, 340. If the Court has jurisdiction, we cannot go behind the decree. *Thompson* v. *Tolmie*, 2 Peters, 157. These cases cited and approved in *Voorhees* v. *U. S. Bank*, 10 Peters, 449. To same effect, *U. S.* v. *Arredondo*, 6 Peters, 191. The doctrine that excess of judgment beyond jurisdiction is void, applies only to courts of limited jurisdiction. *Williamson* v. *Berry*, 8 Howard, 495.

II. The law applicable to judgments *in rem*, applies with equal force to judgments *inter partes*, which declare the *status* of the parties; and such judgments are conclusive as to all the world. 1 Greenl. Ev., § 525; *Burlen* v. *Shannon*, 3 Gray, 389; 2 Smith's Leading Cases, 514; *Lord* v. *Chadbourne*, 43 Maine, 429. Judgments *in rem* or *inter partes*, where they are adjudications upon the *status* of a particular person, are admissible in all cases in which the *status* of such person is in issue.

III. A corporation may be dissolved by judgment of Court. Angel & Ames on Corp., § 774, and cases cited. In New York, by proceedings in chancery. Angel & Ames on Corp., § 777; *Mannea* v. *Potomac Co.*, 8 Peters, 281. The obligations of its contracts are.not thereby impaired, because, (1,) its creditors contracted with reference to such a

contingency; and, (2,) because their obligations survive. *Mannea* v. *Potomac Co.*, *ubi sup..*

IV. The judgment of dissolution was for a violation of the law and conclusive.    4 Saund, 559; 11 Paige, 118; 23 Wend., 254; 10 Paige, 380.

V. It was not a *quasi* dissolution, as under insolvent laws. In this case, after payment of debts, the remaining assets are to be divided among the stockholders.    Corporation is absolutely and irrevocably dissolved.

VI. Such a dissolution takes away all power of rendering a valid judgment against the corporation, for it is dead to all intents.    *Merrill* v. *Suffolk Bank*, 31 Maine, 57 ; *Rankin* v. *Sherwood*, 33 Maine, 509 ; *Merrill* v. *Shaw*, 38 Maine, 267 ; *Leathers* v. *Shipbuilders' Bank*, 40 Maine, 386. Effect is same whether the corporation is dissolved by legislative Act or by judgment of Court.    *Bacon* v. *Robertson*, 18 Howard, 480.    It cannot be pleaded in abatement, or *puis darrein continuance*, for the dead cannot plead.    Cases already cited.    Therefore judgment cannot be taken in this suit against the corporation.    The result will be the same in effect as if the claim of the receivers prevail.

VII. Under the laws of N. Y., the corporation is not kept alive for any purposes, but they provide for an administration upon the estate of a dead corporation same as of a dead man.    The N. Y. statute providing that, in case of dissolution of a corporation, an action in its favor may be continued and prosecuted by the receivers in their name, is similar to the provisions in our statute which authorizes administrators to assume and carry on suits pending at the death of his intestate.    In N. Y., the receivers represent the corporation and can do certain things in its name ; if their power comes to Maine, they are entitled to the funds, but if not, there is no party defendant and the suit fails.

In *Keazer* v. *these defendants*, commenced in the U. S. D. Court of Maine, after this dissolution, Judge Fox dismissed the case, remarking that he could find no authority

for maintaining a suit against a corporation, commenced after its dissolution.

VIII. If the corporation is not dead, it is kept alive by the *remedial* laws of N. Y., operating here. If these operate here for one purpose, they must for all.

BARROWS, J.—In both these cases the plaintiffs are resident citizens of this State, as are also the parties who are summoned as trustees of the principal defendant, a corporation located, at the time of the commencement of the action, in the city of New York, and doing an extensive business in the taking of marine risks here, by means of its agents.

In the first named case, which was entered at the April term, 1866, the trustees appeared at the return term and filed their disclosure, admitting a considerable amount of funds in their hands, which they said was claimed by the receivers of the insurance company; and the defendant corporation also appeared by respectable and well known counsel, members of this bar, and there was a continuance to the October term, previous to which the principal defendant regularly filed specifications of defence, and the cause was thereupon continued from term to term to the April term, 1867, when the principal defendant was defaulted, and the receivers appeared and filed their claim to the moneys of the company in the hands of the trustees, put in copies of the proceedings in the New York Supreme Court, showing a decree of dissolution of the Columbian Insurance Company and the appointment of receivers, Feb. 6, 1866, within a month after the attachment of the funds of the company in the hands of these trustees. The plaintiff thereupon put in certain extracts from the statutes of the State of New York, and the case was reported to this Court, upon the stipulation that the trustees should be charged for $2382,30, less their costs, unless, upon the matters appearing in the report, the claim of the receivers should prevail, or unless, by reason of the proceedings in the New York Court, the

plaintiffs are precluded from taking judgment in this suit against the principal defendant.

I. As to the effect of the judgment in New York upon the *status* of the corporation, which is the principal defendant here, and consequently upon the right of the plaintiff to pursue this action to final judgment — it is plain, that we should have had a materially different question presented for our decision, so far as this point is concerned, if the effect *in New York* were what is claimed for it *here*.

But certainly, such judgment cannot have any greater force or effect here, upon the condition and existence of the corporation, than it has by law in the State where it is rendered. The utmost that can be required in this respect is that the records of judicial proceedings there, duly authenticated, shall have such faith and credit given to them here as they have by law or usage in the Courts of the State from whence they are taken. Such is the tenor of the Act of Congress, passed May 26, 1790, § 1, in pursuance of the power given by the first section of the fourth article of the constitution of the United States.

To substantiate the position that the plaintiff cannot take judgment in this suit against the Columbian Insurance Company, whose credits were duly attached in the hands of the trustees, and who appeared and answered, and filed their specifications of defence, and subsequently submitted to a default, it must be shown that the corporation is not merely prohibited from the customary exercise of its corporate functions, but is actually extinct. It is not merely a perpetual paralysis but an unqualified dissolution, alone, that can defeat the plaintiff's right to a judgment. If, by law or usage in the Courts of the State of New York, where the judgment was rendered, the corporation may still be a party of record, and suits maintained or defended in its name, though its affairs there are under the guardianship of the servants of the Court, it must be considered as having a qualified existence so long as judgments can be rendered for or against it in the Courts of that State.

Looking now to the extracts from the laws of New York, which are made part of the case, we find many provisions which seem to recognize the existence of a corporation, in favor of and against which suits may be prosecuted and judgments rendered after the passage of the decree for what must be deemed only a *quasi* dissolution, which is entered at an early stage of the proceedings, in order to prepare the way for certain proceedings against the stockholders, which can only be had after such decree. But, notwithstanding such decree, it seems judgment may still be rendered in pending suits for or against the corporation, as well as in suits in favor of or against the receivers appointed by the Court; in certain cases moneys are to be retained in the hands of the receivers, to be applied according to the event of the suit, or otherwise distributed on a second or third dividend; (Revised Code of N. Y., vol. 2, p. 492, §§ 78 & 84,) and finally, (vol. 3, p. 674, c. 295,) by § 4, it appears that "the Court in which any suit or proceeding against a corporation *which shall have been dissolved by the decree of the Court of Chancery*, or by the expiration of its charter or otherwise, shall be pending at the time of such dissolution, shall have power, on the application of either party thereto, to make an order for the continuance of such suit or proceeding, and the same may be thereafter continued *until a final judgment or decree shall be had therein, which shall have the like effect upon the rights of the parties as if such corporation had not been dissolved.*"

The dissolution of the Frankfort Bank, which was under consideration in the cases of *Merrill* v. *Suffolk Bank*, 31 Maine, 57, and *Rankin* v. *Sherwood*, 33 Maine, 509, (cited for claimants,) reaffirming *Reed* v. *Frankfort Bank*, 23 Maine, 318, and *Whitman* v. *Cox*, 26 Maine, 335, was effected by an Act of the Legislature, passed March 29, 1841, *repealing the charter*, and followed, April 16, 1841, by an additional Act requiring all creditors to present their claims to the receivers, and make proof of them on or before the 1st day of July, 1842, on pain of being forever barred.

The corporation in *that* case was utterly extinguished; a different remedy was provided for creditors, and it was rightly held throughout the subsequent litigation, that judgments rendered against the bank, after *such* a dissolution, were erroneous.

In *Leathers* v. *Shipbuilders' Bank*, 40 Maine, 386, in place of such provisions as we have above recited from the statutes of New York, we find, assigned as one of the grounds of the decision, the statute of March 16, 1855, expressly forbidding the maintenance of any action against a bank after the appointment of receivers.

It is manifest that these decisions throw little light upon the effect produced upon the *status* of the Columbian Insurance Company by the decree of the Court in New York.

Looking at the statutes of New York, to ascertain the effect which it has by law and usage in the Courts of that State, we find no difficulty in concluding that there is nothing in those proceedings to prevent the plaintiff from taking judgment in this suit against the principal defendant, as a corporation still having a qualified existence, though permanently disabled. Like the apocalyptic church in Sardis, when its existence was recognized and it was addressed in the language of reproof by the apostle, though in some sort it may be said to be dead, " it has a name to live;" and, for the furtherance of justice, it is best to " strengthen the things that remain that are ready to die."

II. But hereupon, it is argued for the claimants, with not a little plausibility, that if the corporation is not completely defunct, so that no judgment can be rendered against it, it is kept alive by allowing the remedial laws of New York to operate here, and that, if they operate here for one purpose, they do for all; if their effect is to give authority to prosecute cases against the corporation, it must be through the receivers, and if the receivers as such can be prosecuted here, they must be entitled to the funds in the hands of the trustees, the Act that created them giving them title to the funds. At the first glance this seems but reasonable,

but the fallacy creeps in with the assumption that it is only by giving a positive force and operation to the laws of New York *here*, that the action can be maintained against the principal defendant. Not so. The problem stands thus ; — Given a corporation actually transacting business in this State, appearing and answering generally to this 'suit, — the question which we have just been considering is, whether the judgment introduced by the claimants had the effect to annihilate the corporation *there*. Finding that it ' still has sufficient vitality by law and usage in the Courts of New York to be capable of being a party to a judgment *there*, we have only to answer *that* question in the negative, and we are left with the presumption arising from the proceedings in our own Court in this suit unimpaired. Another, and, as it seems to us, notwithstanding the ingenious argument of the claimant's counsel, a *totally distinct* question is now presented.

The plaintiff, by the service of his trustee process upon the debtor of the principal defendant, has obtained a lien upon the debt, and upon the disclosure is entitled to an adjudication in his favor against the parties summoned as trustees of the Columbian Insurance Company, unless the appointment of receivers in New York has transferred to them the right to control, not only the property of the defendant corporation there situated, but also that which is within our own jurisdiction, in such a manner as to defeat the plaintiff's previously acquired lien. That an actually subsisting lien, regularly acquired by proceedings in a court of competent jurisdiction, cannot be thus defeated seems too plain to require argument or elucidation, and even the claimant's counsel prudently declines any futile attempt to support the claim of the receivers, except in the indirect mode before adverted to. The receivers, who assert this claim here, are merely the servants of the Court in New York, having *legal* authority coextensive only with the jurisdiction of the Court by whom they were appointed. Upon principles of *comity*, often recognized and always acted on,

except when they come in conflict with paramount rights of suitors in our Courts, they might be admitted here to protect the interests and enforce the claims of the corporation, of whose affairs they are the legal guardians there. But comity does not require us to permit the exercise of such privileges to the detriment of our own citizens who are pursuing appropriate legal remedies in this Court.

Chancellor KENT declares that " it may now be considered as part of the settled jurisprudence of this country, that personal property, as against creditors, has locality, and the *lex loci rei sitae* prevails over the law of the domicil, with regard to the rule of preferences in the case of insolvent's estates. The laws of other governments have no force beyond their territorial limits ; and, if permitted to operate in other States, it is upon a principle of comity, and only when neither the State nor its citizens would suffer any inconvenience from the application of the foreign law." See Kent's Commentaries, 4th ed., p. 406, where the strong current of American authorities sustaining the doctrine, that even " a *prior* assignment in bankruptcy, under a foreign law, will not be permitted to prevail against a subsequent attachment (by an American creditor) of the bankrupt's effects found here," is passed in review, and cases arising in the Courts of the different States and of the United States are cited to show that " our Courts will not subject our citizens to the inconvenience of seeking their dividends abroad, when they have the means to satisfy them under their own control."

If an assignment by the creditor himself, in conformity with the laws of another State, or a transfer to assignees in the regular course of foreign proceedings in bankruptcy, cannot avail to prevent a creditor here from pursuing his remedy against property found within this jurisdiction and subsequently attached, there is plainly no ground whatever for the claim that a prior attachment shall be vacated at the instance of receivers appointed in New York, upon summary proceedings like those in the record before us in this

case. Such an excess of comity could neither be expected nor desired.

The view which we have taken of the points raised in the case first abovenamed, enables us to dispose of both cases, without adverting to the particulars wherein the disclosures filed by the trustees in Chase's suit differ from the others. The same result must necessarily follow in the second case, and it is unnecessary to give any opinion upon the points raised and argued by counsel therein, as distinguished from the case of Hunt against the same defendants.

Holding, as we do, that the proceedings of the Court in New York did not operate an extinction of the defendant corporation, and cannot prevent the plaintiff from proceeding to judgment against it, in a suit commenced here before those proceedings were instituted, and that the claim of the receivers appointed there cannot prevail to defeat the lien previously created by the service of the writ here, the proper entry in both cases will be

> *Trustees charged on disclosure*
> *for sum indicated in report.*
> *Judgment for plaintiff.**

APPLETON, C. J., KENT, WALTON, DANFORTH, and TAPLEY, JJ., concurred.

---

* See *Boston Iron Co.* v. *Boston Locomotive Works & Trustees*, 51 Maine, 584. — REPORTER.