CHOCTAW COAL & MINING COMPANY *v.* WILLIAMS-ECHOLS DRY GOODS COMPANY.

Opinion delivered May 13, 1905.

1. FOREIGN RECEIVER—POWERS.—A receiver is an officer of the court which appoints him, and his power does not extend beyond the jurisdiction of such court, except upon consideration of comity; and in no case will the courts of another State or Territory enforce his claims if its citizens will thereby be injured. (Page 367.)

2. SAME.—Where citizens of this State, who are creditors of a foreign corporation, have instituted proceedings in attachment against the corporation, and have acquired liens upon its property in this State, a receiver of the foreign corporation, appointed in the foreign State, will not be allowed to deprive such creditors of their lien. (Page 368.)

Appeal from Sebastian Circuit Court, Fort Smith District.

STYLES T. ROWE, Judge.

Affirmed.

*Brizzolara, Fitzhugh & Wellshear,* for appellants.

On principles of comity a receiver appointed in one State may take charge of property of the estate in another State, or institute suits therefor in the courts of another State. 38 Oh. St. 174; 41

N. J. Law, 1; 65 Me. 297; Gluck & Becker, Rec. Corp. 43. When the garnishment was served, the bank no longer owed the Choctaw Coal & Mining Company any sum of money. The money was then the property of the receiver, and the bank should have so answered. 1 Morse, Banks & Banking, § 311. It was not necessary to the transfer of title in the funds that the receiver even present a written check. An oral order would have been sufficient. Ib. § 313. When a receiver lawfully comes into possession of property in a State other than that of his appointment, such property is not subject to attachment or seizure by local creditors of the corporation. Gluck & Becker, Rec. Corp. 227-230. It was the duty of the bank to pay or transfer the funds immediately on presentation of the check. 2 Morse, Banks & Banking, § 450. The deed of trust was a first lien on the money in the hands of the garnishee. Income and future acquisitions may be subject of mortgage, the lien of which will become effective immediately upon the mortgagee acquiring title to same. 2 Story, 644; 30 Ark. 56; 52 Ark. 439; 35 Ark. 304; 31 Ark. 32.

*Ira D. Oglesby,* for appellees.

The mortgage, even if it had purported to convey the money deposited in the bank, constituted no lien thereon, because the acknowledgment was fatally defective. 55 Ark. 62. The record of it created no lien on the property conveyed. 20 Ark. 190; 32 Ark. 458; 35 Ark. 62. If, as appellants contend, the receiver "stood in the place of the corporation" as to title to the funds, he cannot defeat a claim thereto which the corporation could not, and the domestic creditors must prevail over the foreign receiver in this case. 38 Oh. St. 174; 41 N. J. L. 1; 35 Me. 290; 46 Am. St. 917; 15 Am. St. 76; 18 *Ib.* 338; 92 Am. Dec. 572; 59 S. W. 493; 43 S. W. 234; 120 Mo. 341; 29 L. R. A. 164; 6 Am. St. 185; 106 Fed. 593; High, Rec. 239.

Battle, J. The question for decision in this case arises upon the following facts:

The Choctaw Coal & Mining Company, a nonresident of this State, and a foreign corporation, conveyed to the Fidelity Trust Company all of its property of every character and description, wherever situated, in trust to secure a bonded indebtedness of

$150,000. The Mining Company, becoming insolvent, failed to comply with the conditions of the deed, and the holders of the indebtedness brought suit against it in the United States Court for the Central District of the Indian Territory to foreclose the deed of trust. David H. Hays was appointed receiver in the suit, and ordered to take possession of all said property. Learning that Merchants' Bank, of Fort Smith, in this State, was indebted to the Mining Company in the sum of $1,325.31, he demanded payment thereof on the 10th day of February, 1902, and the bank refused to pay. Thereafter, on the same day, Williams-Echols Dry Goods Company and W. J. Echols & Company brought separate actions against the Mining Company in the Sebastian Circuit Court, for the Fort Smith District, in this State, on different accounts, one for $307.80, and the other for $1,308.95, and sued out orders of attachment and writs of garnishment, which were served in both actions upon the bank, and it answered that it was indebted to the defendant in the sum of $1,325.31. The receiver and the trustee claimed in both cases the amount owing by the bank. Williams-Echols Dry Goods Company and W. J. Echols & Company, severally, recovered judgment against the garnishee.

Was the receiver entitled to recover, the attaching creditors and bank being residents of this State, and the property in controversy situated here?

A receiver is an officer of the court that appoints him. His power does not extend beyond that of the court which gives him his official character. It is upon considerations of comity only that our courts will recognize and enforce the claims of a receiver appointed in another State or Territory, and in no case where the citizens of the former will be thereby injured. "Where there is a controversy between a foreign receiver, assignee or trustee and an attaching creditor who resides in the State where the attachment proceeding is instituted, the courts of the latter State will protect its own citizen."

"We decline," said the court in *Runk* v. *St. John,* 29 Barb. 585, "to extend our wonted courtesy so far as to work detriment to citizens of our own State who had been induced to give credit to the foreign insolvent."

"That the officer of a foreign court," said the court in *Hurd v. City of Elizabeth,* 41 N. J. L. 1, "should not be permitted, as against creditors resident here, to remove from this State the assets of the debtor is a proposition that appears to be asserted by all the decisions."

Chancellor Kent declares that "it may now be considered as part of the settled jurisprudence of this country that personal property, as against creditors, has locality, and the *lex loci rei sitae* prevails over the law of the domicil, with regard to the rule of preferences in the case of the insolvent estates. The laws of other governments have no force beyond their territorial limits; and, if permitted to operate in other States, it is upon a principle of comity, and only when neither the State nor its citizens would suffer any inconvenience from the application of the foreign law."

"Where, however," says Mr. High on Receivers, "citizens of a State, who are creditors of a foreign corporation, have instituted proceedings in attachment against the corporation, and have acquired liens upon its property in the State of their residence, receivers of the corporation, appointed in the foreign State, will not be allowed to deprive such creditors of their rights, and the courts will protect the lien acquired by their own citizens, in preference to the claim or right asserted by the foreign receivers." High on Receivers (3d Ed.), § 47.

Under our laws creditors of this State can sue out orders of attachment and writs of garnishment against a nonresident or foreign corporation, and cause the same to be levied upon his or its property in this State, and subject the same to sale for the payment of their debts. No receiver of the nonresident or corporation appointed in another State can defeat the attachment by garnishment levied or served before he acquires possession, by virtue of rights acquired solely by his appointment and qualification. No considerations of comity will induce the courts to prefer him to the creditors; but they will enforce the claims of our own citizens, they being valid. In such cases the laws of this State will be enforced in preference to the orders of the courts or laws of another State. Such rule is well established by the authorities. *Holbrook* v. *Ford* (Ill.) 46 Am. St. Rep. 917; *Humphreys* v. *Hopkins* (Cal.) 15 Am. St. Rep. 76; *Catlin* v.

*Wilcox Silver Plate Co.* (Ind.), 18 Am. St. Rep. 338; *Zacher* v. *Fidelity Trust & S. V. Co.*, 106 Fed. Rep. 593; *Taylor* v. *Columbian Ins. Co.*, 14 Allen, 353; *Hunt* v. *Columbian Ins. Co.*, 55 Me. 290; *Gilman* v. *Ketcham*, 84 Wis. 60; *Willitts* v. *Waite*, 25 N. Y. 577; *Smead* v. *Chandler*, 71 Ark. 505; High on Receivers (3d Ed.) § 47; Minor on Conflict of Laws, § 117; Beach on Receivers (Alderson's Ed.), § 268, page 261.

Judgment affirmed.

HILL, C. J., being disqualified, did not participate.