HILL, RECEIVER, *v.* CALDARERA.

4-5365                                     124 S. W. 2d 825

Opinion delivered February 6, 1939.

*Barber & Henry,* for appellant.
*Edward Bennett,* for appellee.

GRIFFIN SMITH, C. J. The question is whether a receiver for an insolvent foreign corporation is entitled to certain funds in preference to an attaching creditor.

Stipulation of counsel shows issuance to appellees of a policy of automobile liability insurance by Republic Underwriters; damages; adjudication of insolvency March 30, 1938, by a Texas district court and appointment of Curtis E. Hill as receiver; appellees' suit against Republic Underwriters, with garnishment of insurance company funds in a Little Rock bank; the bank's answer showing $502.50 on deposit; appointment (by the Pulaski circuit court, April 18, 1938) of Willis V. Lewis as ancillary receiver in Arkansas; intervention of Lewis, filed the day he was appointed; intervention (May 7, 1938) of Curtis E. Hill. It was further stipulated that claims of Arkansas creditors of Republic Underwriters amounted to $14,000.

Counsel agree that § 7608 of Pope's Digest[1] is the applicable statute, and that, in effect, garnishment is attachment. In the instant case the writ was served April 1, 1938.

Since it is the duty of a receiver to intervene where the insolvent debtor's property . . . "has, within ten days before the filing of such petition, been attached," . . . and since Hill was appointed in Texas prior to garnishment, and the appointment and intervention of Lewis were more than ten days subsequent to garnish-

---

[1] Pope's Digest, § 7608: "The receiver shall intervene in every case in which the property of such insolvent debtor has, within ten days before the filing of such petition, been attached, and, upon such receiver's motion, every such attachment shall be dissolved, and the attached property shall be turned over to such receiver upon the payment by the receiver of all costs which shall have accrued in the attachment suit."

ment, appellants, if they are to prevail, must look to the intervention of Hill, whose appointment predated service of the writ.

Appellants insist that . . . "in any case in which a receiver is appointed by a court of competent jurisdiction within ten days from the running of an attachment or garnishment upon the assets or funds of an insolvent, that receiver has the right to intervene" . . . and secure a dismissal of the lien.[2]

It is urged by appellants that the case at bar is ruled by *Standard Lumber Company* v. *Henry*, 189 Ark. 513, 74 S. W. 2d 226, where it was held that the attachment statute was applicable to foreign corporations.[3] It is true the opinion holds that foreign corporations are included, but it is also said that assets of such corporations were rightfully determined . . . "as belonging to the state receivership for administration and distribution by the court of this state; and, after paying cost of administration in this state, so much of the balance as may be necessary should be distributed to creditors in this state *pro rata* according to law or the rules and usages of equity courts, and any balance remaining should be paid to the domiciliary receivership."

[2] It is argued by appellants that "The statute was never intended to mean, and does not mean, that the receiver *must file his intervention within ten days from the levying of the attachment or the garnishment,* but it does mean that the receiver has the right to intervene and secure a dismissal of the lien if and provided that receivership is decreed by the court within ten days from the running of the attachment or garnishment. That this construction of the statute is a true and correct interpretation of it will clearly appear by reading § 7607, Pope's Digest, and noting that the 'petition' referred to is the petition filed by the insolvent, and in reading § 7608, the 'petition' likewise refers to the *insolvent's* petition, and not to any petition to be filed by the receiver."

[3] In the Henry Case rights of attaching creditors of an insolvent foreign corporation and a receiver appointed in this state were involved. A part of the opinion is: "Neither can we agree that as a sequence of this view the assets of a foreign corporation in the hands of a state receiver must pass from this state to the state of the domicile of the foreign corporation for administration and distribution. It is well settled by authority that a foreign receivership can not divest the possession and control of property situated in this state

In the Henry Case the first writ of garnishment was served May 11. A second writ was served May 15; and on May 16 the ancillary receiver was appointed. Inasmuch as the opinion does not show when the receiver intervened, we must assume that the question was not controlling.

Clearly, the Arkansas statute authorizes a receiver to intervene in all cases where property of the insolvent debtor has been attached, if such action is taken within ten days following the filing of the insolvency petition. If the petition contemplated by the statute is the petition filed in the Texas district court, appellants are correct in their contention that the actions of Hill and Lewis relate back to March 30, 1938, and the attached fund should be released.

This construction, however, is not sustained by the cases. The rule seems to be that where citizens of a state, who are creditors of a non-resident, or a foreign corporation, have instituted proceedings in attachment, and have acquired liens upon property in the state of their residence, receivers appointed in the domiciliary state will not be allowed to deprive such creditors of their rights, and the courts will protect the lien acquired by their own citizens, in preference to the claim or right asserted by the foreign receiver.[4] We have held that, under our laws, creditors of this state can sue out orders of attachment and writs of garnishment against a non-resident or a foreign corporation, and cause the same to be levied upon property in this state, and subject the same to sale, and . . . "No receiver of the non-resident or foreign corporation appointed in another state can defend the attachment by garnishment levied or served before he acquired possession, by virtue of rights acquired solely by his appointment and qualification. No consideration of comity will induce the courts to

as against the rights of the citizen creditors of this state. No rule of comity is breached by enforcing our own laws in preference to the laws of other states. *Choctaw C. & M. Co.* v. *Williams-Echols Dry Goods Co.*, 75 Ark. 365, 87 S. W. 632, 5 Ann. Cas. 569, and authorities there cited."

[4] High on Receivers, Third Edition, § 47.

prefer him to the creditors; but they will enforce the claims of our own citizens in preference to the orders of the courts of another state."[5]

It is said in 53 Corpus Juris, § 675, that an ancillary receivership . . . "is not a mere continuance of or incident to a suit in which a primary receiver is appointed; the two proceedings are independent, and the original and ancillary receivers are to be treated as different legal persons."

In *Standard Bonded Warehouse Co.* v. *Cooper and Griffin, Inc.*, 30 F. 2d 842, in opinion written by Judge HAYES of the district court for the western district of North Carolina, there is the following declaration of the law: "The defendant contends that the appointment of the ancillary receivers by this court on the 10th of October, 1928, had the effect of recognizing the appointment of the receivers by the district court of South Carolina, . . . and that, when these ancillary receivers were appointed here, this appointment had the effect of dating back and taking effect as of August 25th; but the court is of the opinion that the lien acquired by the plaintiff by virtue of his attachment could not be divested by any such method."

It is our view that the lien secured under the garnishment was not divested by intervention of the appellants, more than ten days having elapsed between creation of the lien and intervention of the receivers, or either of them.

In dealing with the rights of appellees, the litigation will be treated as though the petition mentioned in the statute was filed when the ancillary receiver Lewis was

---

[5] *Choctaw Coal & Mining Co.* v. *Williams-Echols Dry Goods Co.*, 75 Ark. 365, 87 S. W. 632, 5 Ann. Cas. 569; *Holbrook* v. *Ford*, 153 Ill. 633, 39 N. E. 1091, 27 L. R. A. 324, 46 Am. St. Rep. 917; *Humphreys* v. *Hopkins*, 81 Cal. 551, 22 Pac. 892, 6 L. R. A. 792, 15 Am. St. Rep. 76; *Catlin* v. *Wilcox Silver Plate Co.*, 24 N. E. 250, 8 L. R. A. 62, 18 Am. St. Rep. 338; *Zacher* v. *Fidelity Trust & S. V. Co.*, 106 Fed. Rep. 593; *Taylor* v. *Columbian Ins. Co.*, 14 Allen 353; *Hunt* v. *Columbian Insurance Co.*, 55 Me. 290, 92 Am. Rep. 592; *Gilman* v. *Ketcham*, 84 Wis. 60, 54 N. W. 395, 23 L. R. A. 52, 36 Am. St. Rep. 899; *Willitts* v. *Wait*, 25 N. Y. 577; *Smead* v. *Chandler*, 71 Ark. 505, 76 S. W. 1066, 65 L. R. A. 353, 23 R. C. L., p. 144, § 153.

appointed, at which time the right to have the garnishment proceedings dismissed had been lost.

Affirmed.

SMITH, J., dissents.