Dismissed and Memorandum Opinion filed July 29, 2004









Dismissed and Memorandum Opinion filed July 29, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00335-CR

____________

 

PATRICK
JERMAINE THOMAS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
230th District Court

Harris County,
Texas

Trial Court Cause No. 952,965

 



 

M E M O R A N D U M   O P I N I O N

Appellant entered a guilty plea to the offense of
murder.  The plea bargain document shows
the State agreed to seek punishment with a Acap@ of 35 years.  On January 21, 2004, the trial court
sentenced appellant to confinement for 30 years in the Institutional Division
of the Texas Department of Criminal Justice. 
Appellant filed a pro se notice of appeal.  The trial court entered a certification of
the defendant=s right to appeal in which the court
certified that this is not a plea bargain case, and the defendant has the right
of appeal.  Because we find appellant has
no right to appeal, we dismiss.  








In a plea bargain case , a defendant may appeal only those
matters that were raised by written motion filed and ruled on before trial, or
after obtaining the trial court=s permission to appeal. 
Tex. R. App. P. 25.2(a)(2).  We held in Waters v. State, 124 S.W.2d
825, 826 (Tex. App.BHouston [14th Dist.] 2003, no pet.) that a conviction based
on an agreement that places a Acap@ on punishment for the charged offense is a plea agreement
and is subject to the restrictions of Rule 25.2(a)(2).  We further held that a valid waiver of the
right of appeal prevents a defendant from appealing with the trial court=s consent.  Id.

In this case, appellant=s plea document shows that the State
agreed to seek punishment Acapped@ at 35 years= imprisonment. 
Although the trial court signed a Certification of the Right of
Defendant=s Right of Appeal, finding that this
was not a plea bargain case and that appellant had the right of appeal, this is
inconsistent with the record.  See
Waters, 124 S.W.2d at 826.  Because
the record does not reflect that appellant had the trial court=s consent or permission to appeal,
and because appellant=s brief indicates he does not seek to appeal a matter raised
by written motion filed and ruled on before trial, we have no jurisdiction over
the appeal.[1]

The plea document further contains a waiver of the right of
appeal Ashould the court accept the foregoing
plea bargain agreement between myself and the prosecutor.  Because the trial court accepted the plea
agreement and sentenced appellant at 30 years, we find this to be a valid
negotiated waiver of the right of appeal.

For these reasons, we dismiss the appeal.  

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed July 29, 2003.

Panel consists of Justices Fowler,
Edelman, and Seymore.

Do Not Publish C Tex. R. App.
P. 47.2(b).











[1]  We need not
request the trial court to amend the certification before we dismiss.  See Waters, 124 S.W.2d at 827 n.6.